UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

JOHN D. BRILL and
KIMBERLY M. QUASS-BRILL,

                Debtors.

Case No. 06-21600

Chapter 13

---

MEMORANDUM DECISION ON OBJECTION TO CONFIRMATION

---

The issue involved in GMAC's objection to confirmation of the debtors' plan is narrow, and the following facts are undisputed. On April 10, 2006, John D. Brill and Kimberly M. Quass-Brill filed a voluntary petition for relief under chapter 13. The debtors' plan proposed to pay $650.00 bi-weekly to the trustee for a period of sixty months. Within 910 days prior to the petition date, the debtors and GMAC entered into a retail installment contract and security agreement for the purchase of a 2006 Chevrolet by the debtors. The plan listed the debt owed to GMAC as $14,952.00 and included payments to GMAC of $267.00 per month, at 0% interest, the same rate as set forth in the contract, over the life of the plan. GMAC objected to confirmation of the plan, arguing the secured claim should be calculated with an appropriate interest rate pursuant to *Till v. SCS Credit Corp.*, 541 U.S. 465, 475, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004).

This is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and the court has jurisdiction under 28 U.S.C. § 1334(b). The following constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

As of the effective date of BAPCPA on October 17, 2005, section 1325(a)(5), is now

qualified by an unnumbered, hanging paragraph located at the end of subsection (a), which provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a) (2005). Because this case was filed after October 17, 2005, the parties and this court agree that this paragraph applies to GMAC and this case, and the claim the section describes cannot be bifurcated into secured and unsecured portions under section 506(a). Since the creditor has a purchase money security interest as described under state law, treatment is required as provided by the hanging paragraph.

Under the authority granted in section 1322(b)(2), a chapter 13 plan may "modify the rights of any creditor whose claim is secured by an interest in anything other than 'real property that is the debtor's principal residence.'" *Till v. SCS Credit Corp.*, 541 U.S. 465, 475, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). This power to modify is, of course, subject to the requirement of section 1325(a)(5) that the secured creditor receive the present value of its claim as of the petition date. In *Till*, the Supreme Court, considering section 1325(a)(5) and the interest to be paid on a secured claim bifurcated under section 506, held that the section required payment of interest on the secured claim at a current rate determined by an adjustment from the prime rate based upon the risk of nonpayment. *Id*. at 478-79, 124 S.Ct. at 1961. The Supreme Court expressly rejected requiring the chapter 13 plan to propose payment of the secured claim at the contract rate of interest. Many debtors subject to high interest rates on auto loans have benefitted

from the lower rates allowed by application of the *Till* formula.

Numerous post-BAPCPA cases have recognized the continued validity of the *Till* analysis and rejected creditors' arguments for imposition of higher than prime interest rates contained in the parties' contract, even where the vehicle in issue was a 910 vehicle. *See In re DeSardi*, 340 B.R. 790, 813-14 (Bankr. S.D. Tex. 2006) (holding interest would be calculated using prime-plus approach, though this resulted in lesser rate of interest than that to which lenders were contractually entitled); *In re Brown*, 339 B.R. 818, 822 (Bankr. S.D. Ga. 2006) (concluding appropriate interest rate to satisfy "present value" requirement of cramdown provision was governed, not by terms of parties' contract, but by formula approach for determining interest set forth in the *Till* decision); *In re Fleming*, 339 B.R. 716, 721-22 (Bankr. E.D. Mo. 2006) (holding 910 language merely prohibits the bifurcation and cram down of car creditors' claims and thus quantifies the car creditors' secured claims at the balance due on the filing date; language has no impact on the requirement to pay present value set forth in § 1325(a)(5)(B)(ii) other than to clarify the dollar amount of the claim which must receive present value; *Till* still controls what interest rate is required to ensure present value); *In re Wright*, 338 B.R. 917, 919-920 (Bankr. M.D. Ala. 2006) (stating that secured claims that fit under the 910 provision must be treated as fully secured); *In re Robinson*, 338 B.R. 70, 75 (Bankr. W.D. Mo. 2006) (concluding that statute only means that debtors have to pay full amount of debt plus interest at rate endorsed by *Till*); *In re Johnson*, 337 B.R. 269, 272 (Bankr. M.D.N.C. 2006) (finding that statute merely provides debtors may not bifurcate claim of a secured creditor when the claim is covered by statute).

This Court finds that the *Till* analysis is still sound and applies to cases like this one

3

where the contact rate of interest is below prime. Other recent decisions have so held.[1] *See In re Soards*, 344 B.R. 829 (Bankr. W.D. Ky. 2006) (finding the *Till* analysis applied to both above and below market contract rates); *In re Scruggs*, 342 B.R. 571 (Bankr. E.D. Ark. 2006) (holding in post-BAPCPA 910 vehicle case where original contract provided for 0% interest for 60 months that the *Till* analysis applied to establish interest rate on the claim); *In re Pryor*, 341 B.R. 648 (Bankr. C.D. Ill. 2006) (holding in a pre-BAPCPA case that the *Till* analysis applied, establishing the appropriate rate of interest in a "crammed down plan" where the original contract rate was below prime). Nothing in *Till* suggests that the rule set forth in the case can be used to benefit debtors, but not creditors, when the application of the rule results in an interest rate other than the contract rate. Analysis pursuant to *Till* effectively determines how much cash flow is necessary to satisfy the creditor's risks; however, in the bankruptcy context, the value of the obligation, which is naturally dependent on the interest it bears, is not determined by the market. In essence, the market variables, such as the fact that only certain lenders will deal with

---

[1] *But see In re Taranto*, 344 B.R. 857 (Bankr. N.D. Ohio 2006). The *Taranto* court concluded that a 910 claim is not a secured claim because section 506 is the sole means for determining whether or not a claim is secured. *Id*. at 860. Absent application of section 1325(a)(5), the court considered whether 910 claims are entitled to interest. Because interest is not addressed by the hanging paragraph, the court concluded that the question must be decided on a case-by-case basis with an emphasis on whether the 910 creditor receives fair treatment under the plan. *Id*. at 863. In *Taranto*, the contract to purchase the car provided for the debt to be repaid over 72 months at 0% interest. The chapter 13 plan proposed to pay the debt in full with no interest. Payments would be completed three years ahead of the contract schedule. In addition, the plan provided a 45% dividend to general unsecured creditors. To allow the 910 creditor interest in such circumstances would offer it preferential rather than fair treatment while unfairly diminishing the dividend to unsecured creditors. Consequently, the court decided the creditor was not entitled to interest. *Id*. at 862-63. Although thoughtful and well-intended, this court declines to follow the analysis of *Taranto*. This court also declines to follow *In re Carver*, 338 B.R. 521 (Bankr. S.D. Ga. 2006), which held that the 910 creditor is entitled to the greater of the amount of the claim without interest and the amount the creditor would have received had the claim been bifurcated.

consumers with marginal credit scores, or certain car dealers offer low percentage loan incentives to encourage car sales, are greatly diminished once the bankruptcy is filed. Since these debtors qualified for the 0% financing incentive, they are probably not a great credit risk, but no one believes the cost of money is nothing. The interest rate was determined by market factors that no longer apply.

Thus, if the plan proposes to pay the secured claim in installments over time, the *Till* rate of interest must be added to the payment to arrive at the present value of the claim. The contract rate of interest does not control the analysis.

For the reasons stated above, GMAC's objection to confirmation is sustained. The debtors shall have 30 days to file a modified plan to pay GMAC the entire balance of its claim as of the petition date, plus interest at the "prime rate plus risk factor" over the life of the plan. A separate order will be entered accordingly.

September 22, 2006

Margaret Dee. McGarity
Chief Judge, U.S. Bankruptcy Court